ROBERT L. NEWMAN V. THE STATE.

No. 17815.   Delivered December 18, 1935.

The opinion states the case.

*Frank D. Ivey,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of murder with malice aforethought and his punishment was assessed at confinement in the penitentiary for life.

There were no bills of exception or objections to the Court's charge in the record, hence we need only consider the testimony to determine whether it is sufficient to sustain the verdict of the jury.

The record shows that Geo. Innis and his wife lived in an apartment situated on Ross Avenue near where the same intersects Hawkins Street in the City of Dallas. Sometime prior to the day of the alleged homicide Geo. Innis introduced one Mr. Hall to a Mr. Parker, who by some kind of a scheme or unfair methods obtained from Hall seventy-five ($75.00) dollars of which Parker had agreed to give Geo. Innis twenty-five ($25.00) dollars. This supports the conclusion that Innis and Parker were confederates in the unlawful scheme to obtain Hall's money. Hall had either learned of their acting together in obtaining said money from him, or he had a suspicion thereof. This offended Hall and no doubt was calculated to create ill-feeling against Innis.

On the day of the alleged homicide Hall and appellant, accompanied by a woman, whose identity is not disclosed by the record, drove in an automobile to the southwest corner of Hawkins Street opposite Ross Avenue, and stopped. Hall and appellant got out of their car, but the woman who did the driving

remained in it and permitted the motor to continue running. Soon after appellant and Hall had gotten out of their car, Geo. Innis came home, parked his car in front of his apartment, and entered the same. A few minutes later Innis, accompanied by his wife, came from their apartment, entered their car, and started to drive down Ross Avenue. When they did so Hall and appellant rushed across the street toward Innis's car where Hall jumped on the running board on the left-hand side and the appellant jumped on the running board on the right-hand side of the car. Innis and Hall engaged in a fight or scuffle whereupon appellant drew a pistol and shot Innis through the shoulder and then shot Mrs. Innis in the head which resulted in almost instant death. As soon as the shooting ceased appellant and Hall ran back to their car, entered it and the woman who was at the wheel hurriedly drove away. Appellant testified in his behalf. He admitted the shooting but contended that he did so in defense of his friend Hall whom Innis was beating. That Mrs. Innis, who was sitting on the right-hand side in the car, grabbed his, appellant's arm or hand in which he had the pistol and in the struggle which ensued the pistol was discharged, striking her in the head and inflicting a fatal wound. It will be observed from the foregoing testimony that an issue of fact was raised, which, under appropriate instruction from the court, was determined by the jury adversely to appellant.

We are of the opinion that the testimony is sufficient to warrant and sustain the verdict of the jury and the judgment of conviction. It is, therefore, ordered that the judgment of the trial court be and the same is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.